UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEINE et al.,<br><br>        Petitioners,<br>    v.<br>COMMISSIONER OF THE DEPARTMENT OF COMMUNITY AFFAIRS OF THE STATE OF NEW JERSEY et al.,<br><br>        Respondents. | Civ. No. 2:11-5347 (KM)(JBC)<br><br>OPINION |

   The Plaintiffs in this case ask me to reconsider my ruling of August 22, 2014 (Dkt. Nos. 50-51), in which I dismissed their Sixth Amended Complaint. The Plaintiffs, however, have failed to raise any issues which warrant a modification to my ruling. I will therefore deny the motion for reconsideration.

**Background**

   The Plaintiffs in this case allege that New Jersey's Department of Community Affairs has promulgated and enforced regulations that result in discrimination. (Opinion,[1] 2) The gist of many of the allegations is that the State regulates rooming houses, and defines a rooming house with reference to two or more unrelated persons living together. Plaintiffs have brought claims under the U.S. Constitution, the New Jersey Law Against Discrimination ("NJLAD"), the Fair Housing Act ("FHA"), and the Americans with Disabilities Act ("ADA"). They seeks $800 million in damages, reimbursement of certain costs and fines, and costs of suit.

   On August 22, 2014, I dismissed all counts of the Plaintiffs' complaint. (Opinion, 1) For five of the six counts (counts 1, 2, 4, 5, and 6) I held that the Plaintiffs' claims were barred by the Eleventh Amendment. (Opinion, 5) That

---

[1] "Mot." – Letter Brief in Support of Motion for Reconsideration, Dkt. No. 52-1. "Opinion" – Opinion dated August 22, 2014, Dkt. No. 50.

1

Amendment gives the State of New Jersey immunity from suits seeking monetary damages unless one of several exceptions applies. Because none of those exceptions applied, I found that the Eleventh Amendment left this Court without jurisdiction to hear the Plaintiffs' claims. (Opinion, 5-9)

The remaining count (Count 3), alleges discrimination under the Americans with Disabilities Act (Count 3). Count 3 asserts that the DCA's regulations and practices violated individuals' "barrier free needs," contrary to the ADA. (Opinion, 10) In particular, the Defendants allegedly "have not provided any recommendations or information about available financing, both low cost and government subsidized, and programs for residential upgrades and construction of barrier free access." (Opinion, 10)

The Eleventh Amendment, I explained, did not bar the Court from hearing Count 3 because Congress abrogated state sovereign immunity when it enacted the ADA. (Opinion, 9, citing *United States v. Georgia*, 546 U.S. 151, 154 (2006)). I dismissed Count 3, however, because I found that it failed to state an ADA claim on which relief could be granted. (Opinion, 10) As I explained, Count 3 does not allege a violation of any recognized duty to provide accommodations to persons with disabilities. Plaintiffs seem to allege that the Defendants failed to provide "recommendations or information" about financing disability-related improvements. I was unable to discern, however, any violation of a duty owed by State government, and I could not relate these allegations to State licensure of boarding houses. (Opinion, 9-11 & n.9) This opinion assumes familiarity with the analysis in my prior Opinion.

## The motion for reconsideration

The Plaintiffs timely filed a motion for reconsideration. A motion for reconsideration is granted only in three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218

(3d Cir. 1995); *Carmichael v. Everson*, 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004).

**Change in the law**

Heine has not suggested that there has been a change in the law since the Court's August 22, 2014 decision. This first option is therefore not a grounds to reconsider my prior holding.

**New evidence**

Plaintiffs do indicate that new evidence has become available. They allude to "information regarding the fire codes, their enforcements, and the imminent hazard exclusions." (Mot., 3) First, Plaintiffs seem to be alleging that the housing units in which they resided (and from which some were evicted) were served with an "imminent hazard notice" by the Defendants. Second, Plaintiffs allege that "imminent hazard notices may be issued by local inspectors, but those inspectors work as agents of the Division of Fire Safety in Trenton." (Mot., 3)

This evidence—assuming it is new—does nothing to address the problem of Eleventh Amendment immunity. Heine is still bringing suit against the State of New Jersey to recover damages. Such a suit is plainly barred by the Eleventh Amendment. (Opinion, 7)

Nor does this evidence help Plaintiffs state a claim under the ADA. In my prior ruling, I found that the Complaint failed to identify the source of the duties it alleged, and did not state the nature of any exclusion, denial, or discrimination on the basis of disability. Nor did it suggest how the state-law requirement that boarding houses be licensed—the object of Plaintiffs' challenge—would relate to such a claim. I therefore found that Count 3 did not state a claim for relief. The new facts that Plaintiffs have alleged do not remedy this insufficiency. Revelations about who was ultimately responsible for fire code inspections do nothing to further a claim of disability discrimination.

The new evidence Plaintiffs cite provides no grounds to modify my prior ruling.

**Clear error of law/manifest injustice**

Heine also seems to argue that even if the Eleventh Amendment bars a suit for damages, this litigation could force the State to reallocate funds in its budget.

> If there can be no damages award to the Plaintiffs, there can be an assessment of need to satisfy the obligation of the State within the programs that the States has provided for the purpose of relief. Funding awards for that purpose can be placed in the general treasury for allocation back to the proper department as a line item in the state budget for program funding. Relocations are funded by the State.

(Mot., 4)

It is a bit unclear exactly what relief Plaintiffs are claiming here. To the extent they seek a budget reallocation that would result in the payment of a relocation allowance to themselves, I would still lack jurisdiction. As I pointed out in my prior opinion, "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief...and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (cited in Opinion, 7). The work-around that Plaintiffs suggest would still require this Court to order the State to pay funds out of the state treasury for past wrongs. Such relief is barred by the Eleventh Amendment.

To the extent that Plaintiffs are suggesting that the State could be ordered to allocate more money in its budget for housing assistance generally, I do not read the Complaint as asserting such a claim. Each of the Plaintiffs' six claims seeks $800 million in damages, other reimbursements, and costs of suit. (Compl., Counts 1-6) Nowhere does the Complaint purport to pursue relief in the form of general funding for housing programs. Because no such claim is

apparent from the Complaint, I cannot say that it was either clear error or a manifest injustice for my prior ruling not to consider this form of relief. Such a claim would face formidable legal barriers of its own, but for present purposes it is sufficient to say that no such claim is asserted.

Likewise, the Plaintiffs' suggestion that damages could be paid from ordinary budget funds does not make out a claim for disability discrimination. Therefore, the Plaintiffs have not shown that my prior ruling contains any error that should be modified on reconsideration.

## Conclusion

The Plaintiffs' motion (No. 52-1) for reconsideration will be denied. A separate order will issue.

Dated: July 28, 2015
Newark, New Jersey

                                                                         /s/ Kevin McNulty
                                                                         KEVIN MCNULTY
                                                                         United States District Judge