UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ELLEN HEINE, et al.,

    Plaintiffs,

v.

COMMISSIONER OF THE DEPARTMENT
OF COMMUNITY AFFAIRS OF THE
STATE OF NEW JERSEY, et al.,

    Defendants.

Civ. No. 2:11-5347 (KM)(JBC)

OPINION

Defendant JPMorgan Chase Bank, N.A. (the "Bank") holds a mortgage on the properties of two of the plaintiffs, Unita Peri-Okonny and Ellen Heine. The Bank is named only in Count 7 of the Seventh Amended Complaint ("7AC", ECF no. 81). In a prior Opinion ("Op.") and Order (ECF nos. 127, 128), I granted the Bank's motion to dismiss the Seventh Amended Complaint for lack of jurisdiction and failure to state a claim. See Fed. R. Civ. P. 12(b)(1), 12(b)(6). Now before the Court is the plaintiffs' motion (ECF nos. 130, 136) for reconsideration of that ruling. For the reasons stated herein, the reconsideration motion will be denied. In the following discussion, familiarity with my prior Opinion is assumed.

I. APPLICABLE STANDARDS

The standards governing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a Rule 12(b)(6) motion for failure to state a claim were explicated in my prior Opinion. (Op. 1–3) That discussion is incorporated here by reference.

The standards governing a motion for reconsideration are well settled. See generally D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2)

1

when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

## II. DISCUSSION

### A. Prior Decision

The Bank is named only in Count 7 of the Seventh Amended Complaint. That Count, which seeks several forms of injunctive relief, is brought on behalf of plaintiffs Heine and Peri-Okonny. Its allegations are summarized and discussed in my prior Opinion. (Op. 3–6) I granted the Bank's motion to dismiss Count 7 on several grounds.

As to Peri-Okonny, I held that the *Rooker-Feldman* doctrine precluded litigation of matters encompassed by the prior state court judgment of foreclosure. (Op. 6–7) I also found that Peri-Okonny lacked Article III standing or that the injunctive claims were moot, because the Bank acknowledged that it had discharged the mortgage and sought no further enforcement of it. (Op. 8–10)

As to Heine (and as an alternative basis for dismissal as to Peri-Okonny), I applied the doctrine of *res judicata* to a prior federal-court judgment in one of the many similar litigations filed by these plaintiffs. *Heine, et al. v. Director of Codes and Standards, et al.*, No. 15-cv-8210 (ES/MAH) (the "2015 Action")

2

(entering final judgment against plaintiffs and giving preclusive effect to judgments in prior State court actions). (Op. 10–15)

Finally, I held in the alternative that the allegations against the Bank failed to state a claim on which relief could be granted. No facts were pled from which either the foreclosure or the threat of foreclosure could be found invalid or wrongful. Nor were any facts pled to indicate that Chase was at fault for the fire code enforcement which allegedly drove these parties into default. No facts underlie the request for an injunction against "negative credit reporting." (Op. 15–17)

### B. This Motion for Reconsideration

The current reconsideration motion focuses on Heine's property in Garfield, New Jersey. It is not disputed that the mortgage is in default; that has been the subject of state court litigation, as detailed in my prior Opinion. The reconsideration motion alleges that Chase, beginning in October 2017, entered on the property and performed work there. No cause of action is specified—here, as elsewhere, the Court must assign a likely claim to the allegations—but the state tort of trespass seems the best fit.

Several problems present themselves. To begin with, the motion does not really seek reconsideration of anything decided in my prior Opinion at all. The plaintiffs' brief simply lodges fresh complaints against Chase. As noted, Heine seems to argue that Chase's presence on the property violates state tort law. New claims, however, cannot be asserted in a brief on a motion for reconsideration. *See McKinney v. Prosecutor's Office*, No. CIV. 13-2553 KM SCM, 2015 WL 1954460, at *6 (D.N.J. Apr. 29, 2015).[1]

Even regarded as claims, these allegations appear defective on their face. No basis for federal court jurisdiction is stated; plaintiffs do not allege complete diversity or a claim in excess of $75,000, that the trespass violates federal law,

---

[1] Citing *McKinney*, Chase suggests that I "screen" and dismiss these claims. That case, however, was filed by a prisoner, and therefore was subject to the separate procedures of 28 U.S.C. § 1915a (screening of claims brought by prisoners against government agencies and employees).

or that these new claims are subject to the court's supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1367. Nor does there seem to be any dispute that the Heine mortgage is in default. That being the case, Chase points out, it is entitled and indeed obligated to preserve the value of the collateral by performing repairs and securing a vacant property against the winter weather. *See* N.J. Stat. Ann.§ 46:10B-51 (providing, *e.g.*, that foreclosing creditor is liable for failing to correct a code violation on vacated property).

Heine's additional statements in her brief are simply extensions of the premise, rejected in prior decisions of this and other courts, that faulty fire code enforcement is to blame for her default on her mortgage, which should therefore be set aside. Nothing about these contentions suggests that anything in the Court's prior Opinion must be revisited.

## CONCLUSION

Accordingly, for the reasons stated in the foregoing opinion, the plaintiffs' motion (ECF nos. 130, 136) for reconsideration of the Court's prior Order and Opinion (ECF nos. 127, 128) granting the motion of defendant JPMorgan Chase Bank, N.A., to dismiss the Seventh Amended Complaint is DENIED.

Dated: January 8, 2018

HON. KEVIN MCNULTY, U.S.D.J.